IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FARID AHMAD,  )  <br>KHALID JAVED,  )  <br>MUHAMMAD TAHIR AHMAD,  )  <br>FAZIA NAHEED,  )  <br>Beneficiaries of Deceased Petitioner,  )  <br>IRSHAD AHMAD,  )  <br>    Plaintiff,  )  <br>v.  )  <br>  )  <br>UNITED STATES  )  <br>CITIZENSHIP AND IMMIGRATION  )  <br>SERVICES,  )  <br>    Defendant.  )  | COMPLAINT  <br>Pursuant to the Administrative  <br>Procedure Act, 5 U.S.C. 702 |

INTRODUCTION

1. This is a lawsuit to compel the United States Citizenship and Immigration Service (Service) to compel action reinstating the deceased Plaintiff's immigrant visa petition for his four adult children residing in

1

Pakistan. The named plaintiffs are beneficiaries of the immigrant visas filed by their now deceased United States citizen father. On November 7, 2016, Irshad Ahmad a citizen of the United States filed four straightforward I-130 immigrant visa petitions to obtain permanent resident visas for his four adult children living in Pakistan. The Petition application and accompanying evidence amounted to less than few pages of documents. Yet, the visa petitions remained pending for four years, one month, and sixteen days before they were ultimately approved. This lengthy delay was through no fault of the applicant. Unfortunately, and prior to the approval, the US Citizen petitioner passed away on April 19, 2020—three years and six months after the filing of the I-130 and eight months before the approval. Upon being informed the USC Petitioner passed away prior to the approval of the petition, the petitions were revoked by the Services. Had the simple straightforward petitions been approved timely, and before Mr. Ahmad's passing, the petition would be eligible to be reinstated. However, since the USC Petitioner passed before the approval, the visas were revoked without prospect of reinstatement. Thus, the Service's lengthy and unreasonable delay directly resulted in the ultimate revocation of petitions and foreclosing the prospect of humanitarian reinstatement.

## JURISDICTION AND VENUE

1. Jurisdiction is founded upon 28 U.S.C. 1331 (federal question); 28 U.S.C. 1346(a)(2) (civil action against the United States); and 5 U.S.C.

2

702 (judicial review of agency action under the Administrative Procedure Act).

2. Plaintiffs have exhausted all administrative remedies.
3. This action is timely. 28 U.S.C. 2401(a).
4. The challenged rulings are final agency actions, ripe for judicial review. 5 U.S.C. 704.
5. The relief sought is authorized by law. 5 U.S.C. 706(1).
6. Venue is proper in this District pursuant to 5 U.S.C. 703 (venue for actions under the Administrative Procedure Act generally proper in "a court of competent jurisdiction").

## PARTIES

1. Deceased Plaintiff, a United States citizen, resided in the Eastern District of the United States of America.
2. Defendant, United States Citizenship and Immigration Services, is a department of the United States Department of Homeland Security, and has responsibility for approval of I-130 immigrant visa petitions for alien relatives.

## ALLEGATIONS

1. Plaintiffs are adult children of a United States citizen, Irshad Ahmad, who resided in the Eastern District of Wisconsin, and who filed an I-130 immigrant visa petition for his four children residing in Pakistan.
2. The Services received the application on November 7, 2016.

3. The Services approved the application on December 23, 2020 (four years, one month, and sixteen days after receiving the application).

4. However, the applicant passed away on April 19, 2020 (three years and six months after the Services received the application, and 8 months prior to the approval).

5. The delay in processing the petition was through no fault of the Plaintiffs.

6. Because of Petitioner's death, on March 28, 2022 all Plaintiffs requested Humanitarian Reinstatement of the approved visa petition stating that family would face hardship without visa and for family unity, as well as citing precedent cases where denying reinstatement upon death of petitioner when delay in adjudication of the petition was due to the Service. Exhibit A.

7. The Services sent a Notice of Intent to Revoke the visa approval for Farid Ahmad June 26, 2023. Exhibit B.

8. Plaintiff Farid responded to Notice on July 28, 2023. Exhibit B.

9. The Service Revoked Petition on October 23, 2023. Exhibit C.

10. Plaintiff Farid filed a Motion to Reopen on November 17, 2023, which was summarily denied by the Services on December 27, 2023. Exhibits D & E.

11. The remaining Plaintiffs, Khalid Javed, Mohammad Tahir Ahmad and Fozia Naheed received their Notice of Intent to Revoke on November 21, 2023. Remaining Plaintiff's filed their

response on December 15, 2023. The Services issued the Decision revoking the petition on January 18, 2024. Exhibit F.

## CLAIM FOR RELIEF

1. The preceding paragraphs are incorporated herein.
2. Under 5 U.S.C. 704, agency actions that are final, and for which there is no other adequate remedy are subject to judicial review.
3. Under 5 U.S.C. 706(1), the reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed.
4. By delaying approval of the I-130 petition for four years, one month, and sixteen days, the Services unreasonably delayed approval of the petition.

## PRAYER FOR RELIEF

Plaintiffs prays for judgment from this Court as follows:

1. Order that the Services grant the Plaintiffs' motion requesting Humanitarian Reinstatement of I-130 Immigrant Visa petitions.

Respectfully submitted this 24th
Day of April, 2024.

By: /s/ Marc E. Christopher
Attorney for Plaintiff
Christopher & De Leon Law Office
P.O. Box 370452
Milwaukee, WI 53237

5

414.751.0051

marc@christopher-law.com