

December 27, 2023

U.S. Department of Homeland Security

U.S. Citizenship and Immigration Services

California Service Center

24000 AVILA ROAD

LAGUNA NIGUEL, CA 92677

MARC EFTON CHRISTOPHER
CHRISTOPHER AND DE LEON LAW
PO BOX 370452
MILWAUKEE, WI 53237

 **U.S. Citizenship and Immigration Services**



IOE0923288633

Form I-290B, Notice of Appeal or Motion

# MOTION

Associated case number: WAC1790057072.

On November 29, 2023, you filed a motion to reopen or reconsider the revocation of your Form I-130, Petition for Alien Relative.

Title 8 Code of Federal Regulations (8 CFR), section 103.5 sets forth the requirements for motions to reopen and reconsider. Section 103.5(a) states in pertinent part:

> 2. Requirements for motion to reopen. A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence...
>
> 3. Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.
>
> 4. Processing motions in proceedings before the Service. A motion that does not meet applicable requirements shall be dismissed. Where a motion to reopen is granted, the proceeding shall be reopened. The notice and any favorable decision may be combined.

**Motion to Reopen**

U.S. Citizenship and Immigration Services (USCIS) may reopen a prior decision if proper cause is shown. A motion to reopen must be based on factual grounds, such as the discovery of new evidence or changed circumstances and state the new facts to be provided in the reopened proceedings and be supported by affidavits or other documentary evidence. See 8 CFR 103.5(a)(2). The new evidence must possess such significance that it "would likely change the result in the case." *See Matter of Coelho*, 20 I&N Dec. 464, 473 (BIA 1992).

The evidence does not establish that the petitioner was deceased prior to the approval of the petition.

**Motion to Reconsider**

U.S. Citizenship and Immigration Services (USCIS) may reconsider a prior decision for proper cause shown. A motion to reconsider must state the reasons for reconsideration and be supported by any
Case 2:24-cv-00488-LA    Filed 04/24/24    Page 1 of 2    Document 1-7

pertinent precedent decisions to establish that the decision was based on an incorrect application of law or USCIS policy. See 8 CFR 103.5(a)(3). In the context of removal proceedings, motions to reconsider are intended only to cure errors (factual or legal) in the prior decision. *Matter of O-S-G-*, 24 I&N Dec. 56, 58 (BIA 2006). A motion to reconsider cannot be used to raise a legal argument that could have been raised earlier in the proceedings. See *Matter of Medrano*, 20 I&N Dec. 216, 220 (BIA 1990, 1991). Also, a motion to reconsider is not a process by which a party may submit essentially the same evidence and arguments previously presented and generally allege error in the prior decision. *Matter of O-S-G-*, 24 I&N Dec. 56, 58 (BIA 2006). Instead, the party must specify the factual and legal issues decided in error or overlooked in the initial decision or must show how a change in law materially affects the prior decision. *Id.* at 60.

Consideration for humanitarian reinstatement is not available in instances where the petitioner has died prior to the approval of the petition. See *Dodig v. INS*, 9F.3d 1418, 1420 (9th Cir 1993).

Your motion does not provide new facts, nor does it give reasons for reconsideration supported by any pertinent precedent decisions. Accordingly, your motion is dismissed per 8 CFR 103.5(a)(4).

Sincerely,

*[signature]*

Tracy Tarango
Director, California Service Center
Officer: XW1395